**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAVIER GARCIA-HERNANDEZ, | ) Case No.: 1:19-cv-00199-JLT (HC) |
| Petitioner, | ) ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | ) |
| STEVEN LAKE, Warden, | ) FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | ) |
| | ) [21-DAY OBJECTION DEADLINE] |

Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on February 12, 2019, challenging his sentence pursuant to 28 U.S.C. § 2241. Because Petitioner does not satisfy the savings clause in 28 U.S.C. § 2255 which would allow Petitioner to challenge his conviction by way of § 2241, the Court will recommend that the instant petition be DISMISSED for lack of jurisdiction.

**BACKGROUND**

On June 27, 2011, Petitioner was found guilty by jury trial of conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846. (Doc. 1 at 1.) On October 4, 2011, the district court sentenced Petitioner to life imprisonment. (Doc. 1 at 2.)

Petitioner appealed to the Eighth Circuit Court of Appeals. On June 26, 2012, the Eighth

1

1 | Circuit affirmed the convictions. United States v. Garcia-Hernandez, 682 F.3d 767 (8th Cir. 2012).[1]

On March 21, 2014, Petitioner filed a motion under 28 U.S.C. § 2255 in the sentencing court. (Doc. 1 at 3.) The district court denied the motion on May 13, 2014. (Id.) Petitioner filed a second § 2255 motion on March 17, 2017. (Id.) The motion was denied as frivolous. (Id.) The district court also denied a certificate of appealability which was later affirmed by the Eighth Circuit. (Id.)

On December 18, 2017, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Sacramento Division of this Court. Garcia-Hernandez v. Matevousian, Case No. 2:17-cv-02639-TLN-KJN. Respondent moved to dismiss the petition for lack of jurisdiction. Petitioner filed a reply in which he conceded the court lacked jurisdiction. On August 21, 2018, the Court construed Petitioner's reply as a motion to voluntarily dismiss the petition and granted the motion. (Id.)

On August 31, 2018, Petitioner filed an application to file a successive motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, in the Eighth Circuit, arguing that the statutory mandatory minimum sentence increase was improper in light of the Supreme Court's decision in Alleyne v. United States, 570 U.S. 99 (2013). (Doc. 1 at 4.) On January 25, 2019, the Eighth Circuit denied the application. (Id.)

Petitioner brings this habeas petition challenging his sentence under Alleyne. He claims he is actually innocent of the statutory mandatory minimum sentence of life imprisonment. (Doc. 1 at 5.)

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. Generally, a prisoner may not collaterally

---
[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.).

attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). In this circuit, Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. Stephens, 464 F.3d at 898. Both requirements must be met, and the burden is on the petitioner to show that the remedy is inadequate or ineffective. Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012); Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

Petitioner is challenging the validity and constitutionality of his sentence as imposed by the United States District Court for the District of Nebraska. As Petitioner acknowledges, the appropriate procedure would be to file a motion pursuant to § 2255 in the District of Nebraska, not a habeas

petition pursuant to § 2241 in this Court. Nevertheless, Petitioner argues the remedy under § 2255 is inadequate and ineffective. Petitioner's argument is unavailing, because he does not present a true claim of actual innocence, and he did not lack an unobstructed procedural opportunity to present his claim.

First, Petitioner does not present an actual innocence claim. In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954.

Petitioner argues that he is actually innocent of the sentence imposed in his case due to a change in law effected by Alleyne. This is not an actual innocence claim because he does not allege that he did not actually conspire to possess and distribute methamphetamine. Petitioner does not cite any new authorities that would render his conviction for this offense unlawful. See Bousley, 523 U.S. at 623 (a claim of actual innocence requires a showing of factual innocence, not legal insufficiency); see also Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (the mere assertion of innocence, without a showing of "evidence tending to show that [the petitioner] did not commit the [acts] underlying his convictions," is insufficient to satisfy the actual innocence standard). Petitioner's failure to assert a claim of factual innocence alone bars him from qualifying for the § 2255 escape hatch. Muth, 676 F.3d at 819 (availability of § 2255 escape hatch foreclosed where petition fails to make plausible showing of actual innocence). Therefore, Petitioner's claim may not be heard under § 2241.

Second, Petitioner fails to show that he has not had an unobstructed procedural opportunity to present his claim. To determine whether a petitioner had an unobstructed procedural shot to pursue his claim, a court asks: "(1) whether the legal basis for Petitioner's claim did not arise until after he

had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after the first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008). "For a change in law to be relevant to petitioner's earlier conviction or sentence, it must apply retroactively." Gibbs v. United States, 2016 WL 413215, at *1 (C.D. Cal. Jan. 31, 2016); see also Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) ("An intervening court decision must 'effect a material change in the applicable law' to establish unavailability.") (quoting Harrison, 519 F.3d at 960).

The Ninth Circuit has squarely found that "the Supreme Court has not made Alleyne retroactive to cases on collateral review." Hughes v. United States, 770 F.3d 814, 815 (9th Cir. 2014). Therefore, Alleyne is not relevant to any challenge that Petitioner might raise to his earlier sentence, and therefore, he fails to establish that he has not had an unobstructed procedural shot to present his claim. See Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th Cir. 2014) (Alleyne claims do not qualify for § 2255 escape hatch because Alleyne does not apply retroactively on collateral review); Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017) ("Alleyne claims cannot be raised under § 2241.").

Petitioner fails to state a claim of actual innocence and he fails to show he lacked an unobstructed procedural opportunity to present his claim. Thus, he fails to demonstrate that § 2255 is an inadequate or ineffective remedy, and the petition should be dismissed for lack of jurisdiction.

**ORDER**

The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 15, 2019**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE