UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER GARCIA-HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>STEVEN LAKE, Warden,<br><br>Respondent. | No. 1:19-cv-00199-LJO-JLT (HC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>[Doc. No. 9] |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 19, 2019, the Magistrate Judge assigned to the case entered Findings and Recommendations to dismiss the petition. (Doc. No. 4.) On March 7, 2019, the undersigned adopted those Findings and Recommendations, dismissed the petition, and entered judgment. (Doc. Nos. 7, 8.) On March 21, 2019, Petitioner filed the instant motion for reconsideration. (Doc. No. 9.)

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has

1

been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Petitioner fails to meet the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, petitioner has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Petitioner argues that the Court did not entertain his question as to whether Hughes v. United States, 770 F.3d 814 (9th Cir. 2014) is bad law. In Hughes, the Ninth Circuit held that "the Supreme Court has not made Alleyne retroactive to cases on collateral review." Id. at 815. Hughes is a Ninth Circuit decision and is therefore binding on this Court. Petitioner contends that "the rule requiring retroactivity comes from Tyler v. Cain, 533 U.S. 656 (2001), a case that interpreted the statutory limitation set forth in 28 U.S.C. 2255(h)." (Doc. No. 6 at 3.) He argues that it should not apply here because there is no comparable limitation on § 2241 petitions. Petitioner's argument is meritless. Petitioner seeks to invoke the savings clause in § 2255 to attack his conviction. If he were permitted to pass through the savings clause, the question would

then be whether his conviction should be overturned based on Alleyne, and as noted above, Alleyne is not retroactive. It is nonsensical that Alleyne would not be applied retroactively in a § 2255 motion, but would in a § 2255 action disguised as a § 2241 petition.

Moreover, in order to qualify under the savings clause, Petitioner must: (1) make a claim of actual innocence; and, (2) demonstrate that he has never had an 'unobstructed procedural shot' at presenting the claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). Both requirements must be met, and the burden is on the petitioner to show that the remedy is inadequate or ineffective. Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012); Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). As discussed by the Magistrate Judge in the Findings and Recommendations, Petitioner fails to satisfy either requirement.

Petitioner also contends that the Court erroneously issued an order declining to issue a certificate of appealability. He claims this requirement does not apply to habeas petitions pursuant to 28 U.S.C. § 2241. He claims every circuit to consider the issue has ruled the same. Petitioner is wrong. The Court will not address these other circuit cases cited by Petitioner, because in this circuit, as cited in the order dismissing the petition, the Ninth Circuit has specifically held that "a petitioner attacking the conviction and sentence may not seek habeas relief under section 2241 in th[e] [Ninth Circuit Court of Appeals] without a COA." Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001); see also Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008).

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. No. 9) is DENIED.

IT IS SO ORDERED.

Dated: __**March 22, 2019**__   _____/s/ Lawrence J. O'Neill_____
UNITED STATES CHIEF DISTRICT JUDGE